

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable S. M. Fliler
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-6528
Re: Whether it is the duty of the
county clerk to accept and
file an instrument authorized
to be filed in the county
clerk's office before payment
of statutory fees for said
service.

We quote the material paragraphs of your letter of
April 12, 1945, requesting an opinion of this department:

"· · ·

"In the case of William Carlisle and Company
vs King et al 1053 S. W. at page 241 the Supreme
Court of Texas held as follows: We find no pro-
vision of the statute which requires that a party
who deposits an instrument for record in the
clerk's office of the county shall pay the re-
cording fees before the record is made.

"There is an apparent conflict in the Stat-
ute and the holding of the court in the above
case.

"Under the law is it the duty of the County
Clerk to accept and file an instrument authorized
to be filed in the County Clerk's office before
the statutory fees for said service has actually
been paid by the persons desiring said instru-
ment filed.

"· · · · ·"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT.

The applicable part of Article 3932, Revised Civil Statutes, also set forth in your letter, is in the following language:

". . . . No county clerk shall be compelled to file or record any instrument of writing permitted or required by law to be recorded until the payment or tender of payment of all legal fees for such filing or recording has been made. Nothing herein shall be held to include papers or instruments filed or recorded in suits pending in the county court."

This department, in an opinion rendered in 1931 and again in 1939 held that it is the duty of the county clerk to charge and collect the legal fees in full before recording instruments left with the clerk for that purpose. A copy of the latter opinion, being 0-938, approved December 13, 1939, and citing the former opinion is herewith enclosed.

Section 5 of Article 3912e, Vernon's Annotated Civil Statutes, expressly makes it the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them.

The language used by the court in the case cited in your letter does not conflict with the duty imposed by law upon the county officials. In that case the deed in question was filed with and accepted by the clerk for recordation. The court held that the purchaser was charged with notice of its existence by reason of the filing, notwithstanding the failure of the clerk to enter it upon the deed records of the county.

It might readily be surmised that the party claiming title as innocent purchaser of the land there involved was attacking the validity of the deed on the ground that the recording fee had not been paid. The court was apparently disposing of this contention by the language set forth in your letter as above stated, having in mind doubtless Article 6631 which provides that when such instrument is delivered to the clerk of the proper county to be recorded same shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice.

Honorable S. M. Fliler, Page 3

Under the provisions of Article 6596, Revised Civil statutes of Texas, every instrument authorized to be recorded is considered as recorded from the time it was deposited for record.

Answering your question, it is the opinion of this department that there is no duty imposed upon the county clerk to accept and file an instrument authorized to be filed in the county clerk's office save where same is accompanied by payment or tender of payment of the proper statutory fees authorized to be charged therefor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:mp

